IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARILYN HUDSON | § | |
| v. | § | CIVIL ACTION NO. 6:10cv504 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Marilyn Hudson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of her confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hudson was convicted of possession of a controlled substance with intent to deliver on July 27, 2009, receiving a sentence of 20 years in prison. She did not take a direct appeal, but sought state habeas corpus relief, which was denied without written order by the Texas Court of Criminal Appeals on June 2, 2010.

Hudson contended that she pleaded guilty to a state jail felony but the charge was enhanced to a first degree felony by the trial judge and not the jury, she was denied due process and effective assistance of counsel when her attorney advised her to accept the State's offer of 20 years for a state jail felony, which carries a maximum sentence of two years, and her plea of guilty was unknowing and involuntary because she had gone to the Tyler mental health and mental retardation facility, to a place called Blue Haven, and to the Terrell State Mental Hospital.

The Respondent was ordered to answer and did so. This answer argued that Hudson's claims are procedurally defaulted because none of them were raised in her state petition. Hudson did not file a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report on March 3, 2011, recommending that the petition be dismissed. The Magistrate Judge concluded that none of Hudson's claims were raised in her state petition and so these claims are procedurally defaulted. The Magistrate Judge also determined that Hudson's claims lacked merit on their face even had they not been defaulted. Specifically, the Magistrate Judge stated that the crime with which Hudson was charged was a first-degree felony, not a state jail felony, pursuant to Texas Health and Safety Code art. 481.112(d), and that Hudson offered nothing beyond her own conclusory assertions that her plea was unknowing and involuntary because of her alleged "mental health issues," for which she also offered no evidence. Hudson filed objections to the Report of the Magistrate Judge on April 1, 2011.

In her objections, Hudson says that she filed her federal habeas petition within the statute of limitations and that the Magistrate Judge did not follow Rhines v. Webber, 544 U.S. 269, 125 S.Ct. 1528 (2005). In that case, the Supreme Court held that a federal district court has the discretion to stay a petition containing both exhausted and unexhausted claims so as to allow the petitioner to return to state court and present the unexhausted claims, and then return to federal court for review of the perfected petition. However, the Supreme Court cautioned that the "stay and abeyance" procedure should be used only in limited circumstances. The district court must determine that there was good cause for the failure to exhaust the claims in state court, and it is an abuse of discretion for the district court to grant a stay where the claims are plainly meritless. Rhines, 544 U.S. at 277, 125 S.Ct. at 1535.

However, Hudson has failed to show good cause for her failure to exhaust her claims in her state habeas proceeding; she offers no explanation at all as to why she presents wholly different grounds for relief in her federal petition than she did in her state petition. In addition, Texas law bars state habeas petitioners from filing successive applications for habeas corpus relief based on grounds

2

which could have been, but were not, presented in the first application. Tex. Code Crim. Pro. art. 1107(d). Thus, a stay to allow Hudson to return to state court would serve little purpose, as Hudson has shown no reason to suppose that the state court would do anything other than dismiss her second application as successive.

Finally, and most significantly, the Supreme Court explained in Rhines that the district court should not grant a stay where the claims are plainly meritless. The Magistrate Judge analyzed Hudson's claims and determined that these claims were in fact meritless. Her first objection is without merit.

Second, Hudson complains that the Magistrate Judge only cited cases which pre-dated enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996. However, she points to no post-AEDPA cases which support her claims for relief, nor has she shown that any of the cases cited by the Magistrate Judge are no longer good law. This objection is without merit.

Third, Hudson complains that her ground for relief regarding the offense being a state jail felony is based on the Supreme Court's decisions in Gall v. U.S., 128 S.Ct. 586 (2007) and Kimbrough v. U.S., 128 S.Ct. 558 (2007). These cases involve the U.S. Sentencing Guidelines, applicable to persons prosecuted in federal court, not the Texas Health and Safety Code, under which Hudson was prosecuted in state court. The Magistrate Judge correctly determined that under Texas law, the offense for which Hudson was prosecuted – possession with intent to deliver more than four but less than 200 grams of a controlled substance, cocaine – is a first-degree felony. This objection is without merit.

Fourth, Hudson asserts that the Magistrate Judge's conclusion that she did not receive ineffective assistance of counsel is "in direct conflict with Strickland v. Washington, 466 U.S. 668 (1984) and Harrington v. Richter, 131 S.Ct. 770 (2011)." She says that had she gone to trial, the result of the proceeding would have been different because the conviction used to enhance her offense to a first degree offense was more than ten years old, and the jury could have declined to consider it. As noted above, however, Hudson's offense was already a first degree felony, and so

this contention lacks merit. Hudson also says that counsel could have made an argument about the disparity in sentences between crack cocaine and powdered cocaine, based on Gall and Kimbrough, but overlooks the fact that this alleged sentence disparity is part of the U.S. Sentencing Guidelines, which are inapplicable to her case. This objection is without merit.

Finally, Hudson says that the Magistrate Judge's conclusion on procedural default overlooks Cone v. Bell, 129 S.Ct. 769 (2009). In that case, the Supreme Court held that the Tennessee state courts had erroneously denied a Brady claim after stating that this claim had been previously determined in a state post-conviction proceeding, when in fact the Brady claim had not been raised in the prior proceeding and thus had not been decided at all. Hence, the Supreme Court ruled that the federal district court and the Sixth Circuit erred in holding that the Brady claim was procedurally defaulted.

Hudson does not show how Cone is applicable to her case. She presented an application for state habeas corpus relief which raised none of the grounds now presented in her federal petition. If she filed a second state petition, the precedents of the Texas courts indicate that such a petition would be dismissed as successive. The Fifth Circuit has held that if a petitioner fails to exhaust state remedies, but the court to which the petitioner would be required to meet the exhaustion requirement would now find the claims procedurally barred, there has been a procedural default for purposes of federal habeas corpus relief. Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995), *citing* Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). The Magistrate Judge did not err in determining that Hudson's claims are procedurally defaulted. Her objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer of the Respondent, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 12) is hereby ADOPTED as the opinion of the District Court. It is further It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Marilyn Hudson is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 6th day of April, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE